**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **Keith Rose,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:22-CV-99 JMB |
| | ) |
| **Robert Schulte,** | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now Defendant Schulte for his answer to Plaintiff's First Amended Complaint, that purports to allege a 42 U.S.C. §1983 claim against him in his individual capacity, states upon information and belief as follows:

1. With respect to Paragraph 1, Defendant states the allegations are legal conclusions to which a response is not required but denies Plaintiff is entitled to any damages as Defendant's actions were lawful and not actionable pursuant to 42 U.S.C. §1983 and therefore denies the allegations.

2. With respect to Paragraph 2, Defendant lacks the knowledge and information sufficient to form a belief as to the allegations of such paragraph and, therefore, he denies each such allegation.

3. With respect to Paragraph 3, Defendant admits the first sentence. The second and third sentences are legal conclusions for which no answer is required.  Further, Plaintiff's allegations in this paragraph violate Federal Rule of Civil Procedure 10(b) and as such do not require an answer of Defendant.

4. With respect to Paragraph 4, Defendant states the allegations are legal conclusions for which no answer is required.

5. With respect to Paragraph 5, Defendant states the allegations are legal conclusions for which no answer is required.

6. With respect to Paragraph 6, Defendant states the allegations are legal conclusions for which no answer is required.

7. With respect to Paragraph 7, Defendant states the allegations are legal conclusions for which no answer is required.

8. With respect to Paragraph 8, Defendant lacks the knowledge and information sufficient to form a belief as to the allegations of such paragraph and, therefore, he denies each such allegation.

9. With respect to Paragraph 9, Defendant lacks the knowledge and information sufficient to form a belief as to the allegations of such paragraph and, therefore, he denies each such allegation.

10. With respect to Paragraph 10, Defendant lacks the knowledge and information sufficient to form a belief as to the allegations of such paragraph and, therefore, he denies each such allegation.

11. With respect to Paragraph 11, Defendant admits the allegations.

12. With respect to paragraph 12, Defendants state that Plaintiff's allegations are vague and therefore do not require.

13. With respect to paragraph 13, Defendant lacks the knowledge and information sufficient to form a belief as to the allegations of such paragraph and, therefore, he denies each such allegation.

14. With respect to Paragraph 14, Defendant denies the allegations.

15. With respect to Paragraph 15, Defendant does not consider the streets part of a subdivision but otherwise admits the remained of the allegations.

16. With respect to Paragraph 16, Defendant states the allegations are vague and therefore Defendant is unable to admit, deny, or otherwise respond to the allegations.

17. With respect to Paragraph 17, Defendant admits the allegations.

18. With respect to Paragraph 18, Defendant admits the allegation.

19. With respect to Paragraph 19, Defendant may have asked Mr. Rose why he was in the area but otherwise denies the remainder of the allegations.

20. With respect to Paragraph 20, Defendant admits the allegations.

21. With respect to Paragraph 21, Defendant admits the allegations.

22. With respect to Paragraph 22, Defendant denies the allegations.

23. With respect to Paragraph 23, Defendant denies the allegations.

24. With respect to Paragraph 24, Defendant denies the allegations.

25. With respect to Paragraph 25, Defendant denies the allegations.

26. With respect to Paragraph 26, Defendant denies the allegations.

27. With respect to Paragraph 27, Defendant denies there was a search.

28. With respect to Paragraph 28, Plaintiff's allegations in this paragraph violate Federal Rule of Civil Procedure 10(b) and as such do not require an answer of Defendant.  To the extent any factual allegations exist, Defendant denies the same.

29. With respect to Paragraph 29, Defendant denies the allegations.

30. With respect to Paragraph 30, Defendant denies the allegations.

31. With respect to Paragraph 31, Defendant denies the allegations.

32. With respect to Paragraph 32, Defendant denies the allegations.

33. With respect to Paragraph 33, Defendant denies the allegations.

34. With respect to Paragraph 34, Defendant lacks the knowledge and information sufficient to form a belief as to the allegations of such paragraph and, therefore, he denies each such allegation.

35. With respect to Paragraph 35, Defendant reincorporates his answers to the foregoing paragraphs as if fully set forth herein.

36. With respect to Paragraph 36, Defendant state that Plaintiff's allegations are legal conclusions and therefore do not require.

37. With respect to Paragraph 37, Defendant state that Plaintiff's allegations are legal conclusions and therefore do not require.

38. With respect to Paragraph 38, Defendant state that Plaintiff's allegations are legal conclusions and therefore do not require.

39. With respect to Paragraph 39, Defendant state that Plaintiff's allegations are legal conclusions and therefore do not require.

40. With respect to Paragraph 40, Defendant state that Plaintiff's allegations are legal conclusions and therefore do not require.

41. With respect to Paragraph 41, Defendant state that Plaintiff's allegations are legal conclusions and therefore do not require.

42. With respect to Paragraph 42, Defendant state that Plaintiff's allegations are legal conclusions and therefore do not require.

43. With respect to Paragraph 43, Defendant state that Plaintiff's allegations are legal conclusions and therefore do not require.

44. With respect to Paragraph 44, Defendant state that Plaintiff's allegations are legal conclusions and therefore do not require.

45. With respect to Paragraph 45, Defendant denies the allegations.

## Affirmative Defenses

Coleman states as additional responses and affirmative defenses to the Complaint:

1. Except as expressly admitted, qualified, or otherwise answered, Defendant denies each and every allegation of the Complaint, and denies that Plaintiff is entitled to any of the relief requested therein.

2. For further answer and affirmative defense, Plaintiff fails to state a claim against Defendant upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. For further answer and affirmative defense, Defendant is a certified and commissioned police officer employed by the St. Louis County Police Department and a certified peace officer pursuant to Section 590.010 et seq., R.S.Mo. 2000, as amended.

4. For further answer and affirmative defense, Defendant has all powers as conferred by law, including the power to detain and the power to arrest as set forth in Section 544.157, R.S.Mo. 2000, as amended.

5. For further answer and affirmative defense, Defendant was privileged under the Fourth Amendment of the United State Constitution to detain and arrest Plaintiff based upon reasonable suspicion and/or probable cause to believe that Plaintiff had violated and continued to violate the laws and ordinances of the State of Missouri, and that every seizure, arrest and detention of Plaintiff took place pursuant to law and

was reasonable in manner and duration.

6. For further answer and defense, Defendant is immune from liability under the doctrine of qualified immunity.

7. For further answer and affirmative defense, Defendant states that he was not aware of any constitutional deprivation.

8. For further answer and affirmative defense, Plaintiff fails to state a claim, and therefore cannot recover, for punitive damages against Defendant.

9. For further answer and affirmative defense, Plaintiff has a duty to mitigate his damages, and failed to do so.

10. For further answer and affirmative defense, Defendant reserves the right to assert any additional affirmative defenses to the extent they become known during the litigation of this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays this Court to dismiss all counts of this suit in as far as they may apply to him at Plaintiff's cost, and for such other relief the Court deems just and appropriate.

Respectfully submitted,

BETH ORWICK
COUNTY COUNSELOR

  /s/ Lorena V. Merklin von Kaenel
Lorena V. Merklin von Kaenel   #42035MO
  /s/ Andi Alper
Andi Alper   #69936MO
Office of the County Counselor
County Government Center
4l South Central, 9th Floor
Clayton, Missouri 63l05
(314) 615-7042
Lmerklinvonkaenel@stlouisco.com
Aalper@stlouiscountymo.gov

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was sent by means of electronic notification through the Court's Electronic Notification system on April 25, 2022 to all parties.

      /s/ Lorena Merklin von Kaenel
Lorena V. Merklin von Kaenel