## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **KEITH ROSE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  4:22CV-00099 JMB |
| | ) |
| **ROBERT SCHULTE,** | ) |
| | ) |
| Defendants. | ) |

## MOTION TO QUASH SUBPOENA
## DIRECTED TO NON-PARTY ST. LOUIS COUNTY, MISSOURI OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER

COMES NOW St. Louis County, Missouri ("County"), by and through its undersigned counsel, Christopher Carter, pursuant to Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure, and for its Motion to Quash Subpoena, a copy of which is attached hereto and marked "Exhibit A" (hereinafter referred to as the "Subpoena"), which commands the County, a third party to the present litigation, to produce certain documents for copying or inspection, states as follows:

1. At 3:00 pm, on September 29, 2022, the County Counselor's Office accepted service, via email, of the Subpoena directed to St. Louis County, Missouri ("County").

2. The Subpoena commands County to produce documents, as set forth in "Attachment A," on September 29, 2022, at 1:47 p.m., at the ACLU of Missouri Foundation, 906 Olive Street, Suite 1130, St. Louis, MO 63101.

3. On October 3, 2022, County notified Plaintiff, via email, that the date to produce documents was the same date that the County accepted service.

4. Plaintiff acknowledged the error and explained that the date and time auto populated while completing the form. Plaintiff communicated the intended date and time to produce documents was October 13, 2022, at 5:00 p.m.

5. County is not a party to this lawsuit.

6. Attachment A of the Subpoena sets forth the "Documents to be Produced" in two paragraphs.

7. In Paragraph 1 of Attachment A, Plaintiff is requesting, in relevant part, "[a]ll documents" that are viewable "when a St. Louis County police officer 'runs' the driver license of Keith Rose, whether the documents and the information therein originate from DOR, MULES, NCIC, REJIS, CrimeMATRIX, Nlets, RADCOM, or some other source." *See* Exhibit A, Attachment A.

8. In Paragraph 2 of Attachment A, Plaintiff is requesting "[a]ll emails, electronic messages, or other communications created or sent between November 18, 2018 and January 25, 2022, that reference the November 18, 2018 traffic stop conducted by then-Officer Robert Schulte, DSN 4653, of Keith Rose." *Id*.

9. On October 11, 2022, County communicated to Plaintiff that the October 13, 2022 deadline was unrealistic and problematic for producing the documents as requested in Attachment A of the Subpoena.

10. Specifically, County communicated to Plaintiff that the request to have Plaintiff Keith Rose's driver's license ran through the various law enforcement platforms would be creating a record which does not presently exist – and thus is not subject to a subpoena duces tecum - and because the search would not serve any law enforcement purpose, it could violate section 576.050 of the Missouri Revised Statutes, which places limits on the County's use of

various law enforcement databases.  Additionally, the information sought was available directly from the source, and the creator of the database is the proper and appropriate entity to receive such a subpoena.

11. Further, County asserted to Plaintiff that the request for all electronic communications from November 18, 2018 to January 25, 2022, involving Keith Rose and the November 18, 2018 traffic stop was overbroad, unduly burdensome, and unreasonable.

12. The undersigned counsel explained that County cannot perform an email search across an entire department, but, instead, is limited to performing searches for specified custodians/employees who may have the record, and sought reasonable limits to Plaintiff's overbroad request which, as stated, is directed to the County as a whole and unreasonably obligates the County to search even individual employee email data files for potentially relevant records.

13. In reply to County's assertions, Plaintiff agreed to provide search terms and specific individuals to narrow the communications search.  To date, Plaintiff has yet to provide those terms and individuals. County ran a search utilizing its own search parameters that revealed no results.  Those results were provided to Plaintiff. *See* Exhibit B.  However, Plaintiff believes the documents viewable as a result of a new driver license search on Keith Rose are relevant and open to production.  The County disagrees.

14. Pursuant to Rule 45(d)(3)(A)(iv), St. Louis County objects to the production of the items requested in Attachment A of the Subpoena because: 1) the County would have to run a search of every county employee's email for mentioning of Keith Rose and the November 18, 2018 traffic stop, which is unduly burdensome and unreasonable, and; 2) the County would have to conduct a new search of law enforcement databases for which St. Louis County does not

3

maintain the records and create a new record to "run" Keith Rose's driver license, which meets no law enforcement purpose, is potentially in violation of Missouri law and user agreements related to database access, and is unduly burdensome, unreasonable, and not proportionate to the needs of this case.

15. The County moves for a court order to be entered quashing the subpoena or, in the alternative, a issuing a protective order limiting the scope of disclosure, how the information can be disclosed, how information can be utilize, and allowing for a reasonable and less-burdensome period of time for the documents to be produced. *See* Fed. R. Civ. P. 26(b)(2), (c).

WHEREFORE, for the reasons set forth above, St. Louis County requests that the subpoena served upon the St. Louis County, Missouri be quashed, or, in the alternative, a protective order be entered so as to protect St. Louis County, Missouri from undue burden and unreasonable requests for production of documents, and further requests that St. Louis County's obligation to comply with the subpoena be stayed until further order of this court and for such other relief as is appropriate under the circumstances.

Respectfully Submitted,

**BETH ORWICK**
**COUNTY COUNSELOR**

/s/ Christopher D. Carter
Christopher D. Carter, #63751
Assistant County Counselor
Office of the County Counselor

4

        41 South Central, 9th Floor
        Clayton, MO 63105
        Tel. 314-615-5378
        Fax 314-615-3732
        Email: ccarter@stlouiscountymo.gov

### Certificate of Service

I hereby certify that on October 13, 2022 a copy of the foregoing was sent via the court's case management system to all counsel of record.

        /s/ Christopher D. Carter
        Christopher D. Carter