UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH ROSE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:22 CV 99 JMB |
| ROBERT SCHULTE, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant St. Louis County's Motion to Quash Subpoena (Doc. 31). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff Keith Rose filed suit on January 26, 2022, alleging that his civil rights were violated when (former) St. Louis County police officer Robert Schulte conducted an unlawful traffic stop. In particular, Plaintiff alleges that on November 18, 2018, Defendant followed his vehicle, pulled him over, told him to get out of his vehicle, handcuffed him, and searched his vehicle without probable cause in violation of the Fourth Amendment to the United States Constitution (Doc. 12).

At his September 28, 2022 deposition, Defendant stated that, while he did not remember the particulars of the traffic stop at issue, he typically "runs" a driver's license through various databases (Doc. 33-1, p. 8). These databases include one maintained by the Department of Revenue (DOR), "NLETS", "RADCOM", "and other agencies" and would provide information regarding the driver including warrants, protective orders, previous citations and warnings (Doc.

33-1, pp. 8-9).  Defendant does not possess a copy of the records he may have reviewed during the traffic stop.  The next day, Plaintiff served a subpoena on St. Louis County seeking:

> 1. All documents—including but not limited to fill-in menus, pop-up menus, computer generated reports, memoranda, court records, photographs, and any kind of data compilations that are viewable, either with or without clicking, tapping, or generating a new field or window—when a St. Louis County police officer "runs" the driver license of Keith Rose, whether the documents and the information therein originate from DOR, MULES, NCIC, REJIS, CrimeMATRIX, Nlets, RADCOM, or some other source. If native format is not producible, JPGs, PDFs, or other reasonably usable formats are acceptable.
>
> 2. All emails, electronic messages, or other communications created or sent between November 18, 2018 and January 25, 2022, that reference the November 18, 2018 traffic stop conducted by then-Officer Robert Schulte, DSN 4653, of Keith Rose. If you contend that any such documents are privileged, please produce a privilege log in compliance with Federal Rule of Civil Procedure 45(e)(2)(A).

The County seeks to quash the first request, arguing that the records do not currently exist, that conducting the search may violate state law, and that the information is available through other more convenient sources.[1]

## Discussion

Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain relevant discovery proportional to the needs of the case.  Rule 45 allows a party to subpoena such discovery from a third party, provided certain conditions are met.  In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed.R.Civ.P. 45(d).  A subpoena may be quashed if it fails to allow a reasonable time to comply or subjects a person to undue burden, among other things.  Id. 45(d)(3).

Plaintiff seeks information about himself from the various databases identified by Defendant in his deposition in order to address his claim that there was probable cause for the

---

[1] The County also raised various objections with respect to the second request, but the parties have since resolved those issues.

detention.  Probable cause is a central and therefore relevant issue in this case.  The County states that the record of Plaintiff's license query does not currently exist and that it cannot conduct a search of the databases without legitimate law enforcement reasons, citing to Missouri Revised Statutes §§ 43.509, 43.431, 576.50.2, and 610.120,.  None of the statutes cited squarely address whether the County can "run" a driver's license through its Regional Justice Information System (REJIS) for the purposes of this lawsuit.[2]  There is no assertion that the material is privileged; and, in any event, any such claim of privilege cannot rely on state law in this § 1983 lawsuit.  See Fed.R.Evid. 501; 1101(c).  Moreover, as suggested by the County, any privacy or confidentiality concerns can be addressed in a protective order.

As to the existence of a single document containing a compilation of information after a license is "run" by law enforcement, the County is correct in noting that such a document does not currently exist.  However, the County has access to the databases that would be accessible to police officers when they check a person's driver's license during a routine traffic stop.  And, the County's motion implies that a license is "run" through one database, REJIS.  While the County is not required to create a document, it can access/print/download the information supplied by the databases after a query is made.  Finally, the County argues that the information is readily and more easily available from the sources themselves and would be burdensome to produce.  It is unclear why the County could not easily and quickly access databases that police officers may access during routine and brief traffic stops.  Indeed, requiring Plaintiff to subpoena records from each individual database would be burdensome and time-consuming and may result in documents that are not relevant to this lawsuit.

---

[2] Section 43.509 refers to the Department of Public Safety's rulemaking authority with respect to a central repository of criminal history information; Section 43.531 allows for the dissemination of criminal history to "qualified persons and organizations for research, evaluative and statistical purposes"; Section 576.50.2 concerns the misuse of public information or the reckless dissemination of such information; and, section 610.120 refers to the inaccessibility of closed records.  The County does not elaborate on how these state statutes prevent discovery of information about Plaintiff gleaned from various law enforcement databases for use in this lawsuit.

The County has ready and easy access to the databases that Defendant was either required to or may have accessed during routine traffic stops.  The request is limited to records relating to Plaintiff and are relevant to this lawsuit.  And, any confidentiality concerns can be addressed in a protective order, which the Court is willing to enter.

Accordingly, the Motion to Quash is **DENIED**.  The parties are directed to meet and confer and present the Court with a proposed protective order.  The County is **ORDERED** to produce the information requested within 7 days of entry of the protective order or within 14 days of the date of this Order if the parties believe a protective order is not required.

>  */s/ John M. Bodenhausen*
>  JOHN M. BODENHAUSEN
>  UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of October, 2022