Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:22-CV-00099 JMB |
| | ) | |
| ROBERT SCHULTE, | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT PROTECTIVE ORDER

The allegations and defenses in this matter (collectively, "the Actions") may put at issue personnel records, medical records, financial information, police investigative and other materials, and other information relating to Plaintiff or Defendant ("Parties") that one or more Parties believe is confidential. Pursuant to Federal Rule of Civil Procedure 26(c), the need to prevent the revelation of confidential information is good cause for entry of a protective order.

Accordingly, it is ORDERED:

1. All documents, data, interrogatory answers, admissions, depositions, or other discovery materials produced or obtained as a result of discovery in the Actions containing or comprising:

    (a) confidential personnel or personal information of employees, which term is intended to cover former and current employees of St. Louis County, the Defendant, and Plaintiff;

    (b) protected health information, confidential medical records, financial and tax records, therapy and psychiatric records and related information of Plaintiff or Defendant;

    a. "protected health information" shall be defined to have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual, and deposition testimony containing the above information.

(c)     social security numbers, dates of birth, and driver's license numbers;

(d)     confidential or closed investigative documents, training materials, policy manuals and proprietary information including those produced by Defendantor St. Louis County; and

(e)     records required to be closed by law as that phrase is defined in the Missouri Sunshine Law, RSMo. 610.010 *et seq.*, or any statute incorporated by the Sunshine Law;

shall be considered CONFIDENTIAL INFORMATION, subject to this Protective Order if designated by any party as "Confidential" in some manner. All information outside the definition of CONFIDENTIAL INFORMATION or in the public domain shall be deemed non-confidential.

    2.     In the event, at any stage of the proceedings, any party to the Actions disagrees with designation of any information as CONFIDENTIAL INFORMATION the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved

informally within ten (10) business days after the designating party's receipt of a written notice objecting to such designation (or such later time as the parties may agree), the non-designating party must file an appropriate Motion for Exclusion from Protective Order with the Court requesting that the designated discovery material not be treated as CONFIDENTIAL INFORMATION.  The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.  During the pendency of the Motion for Exclusion from Protective Order, the parties shall treat the information as CONFIDENTIAL INFORMATION.  However, if no motion is filed within the required time, the designated information shall be treated as CONFIDENTIAL INFORMATION.

3. The parties to this Protective Order shall not disseminate or disclose information or material designated "Confidential" except as set forth herein.  CONFIDENTIAL INFORMATION shall be limited to the parties, counsel for the parties, insurers, counsel's investigators and legal and clerical assistants, including law student interns, and those categories of persons listed in Paragraph 4 below who are necessary to the prosecution or defense of the Actions.  Further, CONFIDENTIAL INFORMATION shall remain in the custody of the Parties' respective counsel of record and be stored in a manner consistent with the attorney's customary storage procedures for confidential information in their office, except as necessary to conduct the present litigation.

4. CONFIDENTIAL INFORMATION may be disclosed to the following persons on a need-to-know basis:

> (a) Potential witnesses at deposition or trial, and the witnesses' counsel, if CONFIDENTIAL INFORMATION is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms;

3

  (b)  The Court, including any agent of the Court and any court reporter used during depositions;

  (c)  Any non-retained expert or person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing expert testimony in the Actions (or acting as a consulting expert in the Actions) and such person's investigators, and professional and clerical assistants if CONFIDENTIAL INFORMATION is reasonably necessary and related to their anticipated testimony or consultation or advisory services, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms;

  (d)  Any insurers, provided they are provided with a copy of this Protective Order and agree to be bound by its terms; and,

  (e)  The Parties and their counsel.

  5.  All "covered entities" as defined by 45 C.F.R. § 160.103 and including medical providers are hereby authorized to disclose protected health information pertaining to the parties to attorneys representing the parties in this litigation pursuant to written authorization by that party. This Order does not control or limit the use of protected health information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as the term is defined in 45 C.F.R. § 160.103.

  6.  Any and all documents or discovery responses claimed to be CONFIDENTIAL INFORMATION by a party shall be identified as such by stamping or labeling each page of the document or discovery response claimed confidential with the word "CONFIDENTIAL" or, in

the case of documents produced by a third party, by designating in writing the Bates numbers of documents considered confidential.

7. Either party may redact the following personal information of any party from any documents, data, or other material: that party's home address, home or cell telephone numbers, and social security number.

8. If a party wishes to use any CONFIDENTIAL INFORMATION in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this Court in these Actions, such papers or transcript shall be filed under seal. An unredacted copy should be provided to the opposing party if it is not already in possession of an unredacted copy.

9. Nothing in this Protective Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, oppose the production or admissibility of any information or documents which have been requested or preclude any party from seeking any further or additional protection.

10. The execution of this Protective Order shall not be construed as an agreement by any party to produce or supply any information, as a waiver by any party of its right to object to any discovery sought by any other party or as a waiver of any privilege. Production, receipt or designation of information pursuant to this Protective Order as CONFIDENTIAL INFORMATION shall not be construed as a concession by any party that such information is relevant or material to any issue in the Actions.

11. It being understood by the parties to the Actions that certain CONFIDENTIAL INFORMATION may constitute valuable information, after the parties attempt to resolve the any issues related to a breach, if there is no resolution, a party may apply for relief to the Court and the

Court may impose appropriate legal remedies and sanctions for any violation of this Protective Order.

12. In the event that a non-designating party receives any subpoena or process pertaining to any CONFIDENTIAL INFORMATION during the litigation, it will immediately notify counsel for the other parties. No party receiving such a subpoena or process shall furnish copies of CONFIDENTIAL INFORMATION to, or permit inspection thereof by, the person seeking the CONFIDENTIAL INFORMATION by subpoena or process, except pursuant to the consent of the other parties or an order of a court of competent jurisdiction.

13. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop a party from designating said document or information as CONFIDENTIAL INFORMATION at a later date. Disclosure of said document or information by any Party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

14. Any confidential documents, information or other materials designated as CONFIDENTIAL INFORMATION shall be used solely for the purpose of prosecuting and defending the Actions, and for no other purpose and in no other matter, legal or otherwise.

15. Upon the final disposition of the Actions, whether by dismissal, settlement, judgment or appeal, both parties shall, within sixty (60) days of said final disposition, upon request by the opposing party, retrieve any copies of CONFIDENTIAL INFORMATION from any expert and destroy all CONFIDENTIAL INFORMATION or provide it to the requesting party.

16. The duties established by this Order shall continue until otherwise terminated by any Order of the Court and the termination of the proceedings in this matter shall not relieve the Parties of any obligation herein of maintaining the confidentiality of all CONFIDENTIAL

INFORMATION regarding and provided by Defendant, unless the Court orders otherwise.

17. Unless otherwise ordered by the Court, all documents previously sealed in a civil action will remain sealed by the Clerk of the Court and returned to the filing party within sixty (60) days.

18. This Protective Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms.

IT IS SO ORDERED this _____ day of November, 2022.

_____
Hon. John M. Bodenhausen