UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH ROSE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:22 CV 99 JMB |
| ROBERT SCHULTE, | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Keith Rose's Motion for Leave to File a Second Amended Complaint (Docs. 40/48). For the reasons set forth below, the Motion is **GRANTED**.

### Background

Plaintiff alleges that his civil rights were violated when he was subjected to an unlawful traffic stop on November 18, 2018 that was conducted by Defendant Robert Schulte, a former St. Louis County police officer (Doc. 12). According to allegations in Plaintiff's First Amended Complaint, he was looking for a parking spot prior to attending a protest in Jennings, Missouri when Defendant started following him in his patrol car. Defendant then pulled his car over and told him to exit the car even though he had violated no traffic laws. Thereupon, Defendant handcuffed Plaintiff, told him to sit on the bumper of the car, and searched the car without Plaintiff's consent because "'the computer' had told him that Plaintiff had 'violent tendencies.'" (Doc. 12, p. 3). Defendant then questioned Plaintiff regarding protests, released him, and gave him a traffic citation for failing to stop at a stop sign. The citation was subsequently dismissed on January 8, 2019. In Count I, Plaintiff alleges that Defendant conducted an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution.

Plaintiff seeks to amend his complaint to add claims against St. Louis County. In these proposed counts, Plaintiff alleges that the County maintains a database, unsupported by any criminal action, that negatively designates an individual. Plaintiff alleges that the County fails to train its police officers on how to react to the designation, fails to prevent the violation of civil rights as a result of reliance on the database, and the information contained in the database is applied to individuals without due process. Thus, he seeks to add a failure to train claim (Count II) and a due process claim (Count II). Defendant objects, arguing that the motion is untimely and that he would suffer undue prejudice if the amendment is allowed (Doc. 46).

## Discussion

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading with the opposing party's consent or leave of court and that "[t]he court should freely give leave when justice so requires." It is within the district court's discretion to deny amendment if there is "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Reuter v. JAX Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) (quotation marks and citation omitted). When there is also a scheduling order that sets forth a deadline for amendment of pleadings, it is within this court's broad discretion to determine "when exceptions to these deadlines are appropriate." Knoth v. Smith & Nephew Richards, 195 F.3d 355, 358 (8th Cir. 1999).

In this matter, the Case Management Order (Doc. 20) contained a deadline of August 15, 2022 to amend pleadings without leave of court. There is no deadline to file motions for leave to amend pursuant to Rule 15(a)(2). Therefore, Defendants' first argument, that Plaintiff is required to show good cause pursuant to Rule 16 or that the motion is untimely, is misplaced.[1]

---

[1] Defendant states that the parties had agreed to an October 14, 2022 deadline for amendment to the pleadings. This informal agreement is not made part of any Order of the Court.

Plaintiff represents that the new claims became apparent after taking Defendant's deposition on September 28, 2022 and acquiring discovery on November 15, 2022 (from St. Louis County) that included Plaintiff's criminal history records containing the challenged designation. Defendant argues that amendment would prejudice him because discovery will be enlarged, resolution will be delayed, and he has already been prevented from pursing job opportunities. Certainly, permitting amendment within 3 months of the discovery deadline will delay resolution of this matter; it does not follow, however, that any delay or prejudice is undue.  Prior to dismissal of an action, leave to amend should be liberally granted. In re SuperValu, Inc., 925 F.3d 955, 961 (8th Cir. 2019).  Discovery has not closed and dispositive motions have not been filed; and the parties will presumably be able to complete any discovery in a timely manner once St. Louis County has filed its answer.  Indeed, it appears that the current parties have mostly completed discovery amongst themselves.  Therefore, allowing amendment will not unduly burden Defendant either as to this litigation or any unrelated job opportunities.  See, e.g., Kozlov v. Associated Wholesale Grocers, Inc., 818 F.3d 380, 394-395 (8th Cir. 2016) (finding that the district court did not abuse its discretion in denying leave to amend four years after the original complaint was filed and two months before trial); Hammer v. City of Osage Beach, MO, 318 F.3d 832, 844-845 (8th Cir. 2003) (finding that the district court did not abuse its discretion in denying leave to amend unrelated claims fifteen months after filing the original complaint, after discovery had closed, and after dispositive motions were filed).  Plaintiff seeks to add claims against St. Louis County that are related to his claim that he was subjected to a search and seizure without probable cause or consent.  The justification for that seizure it central to this litigation and Plaintiff may seek to hold the County liable for the information that it supplies to its police officers.  Permitting amendment would efficiently resolve Plaintiff's claims related to the traffic stop.

Finally, Plaintiff states that the Second Amended Complaint should be filed redacted (with an unredacted version filed under seal) because information contained therein is subject to a protective order. However, he argues that there is no independent basis for redacting or sealing the pleading, and that it should be filed openly. In response, Defendant and St. Louis County offer a brief statement that "confidential law enforcement information" should be redacted from the public version of the Second Amended Complaint (Doc. 47). This Court must determine whether there exist "sufficient grounds to override the common-law right of access" and to justify the sealing of a complaint. Idt Corp. v. eBay, 709 F.3d 1220, 1223 (8th Cir. 2013). Plaintiff's demur and Defendant's brief response do not provide those sufficient grounds. Therefore, Plaintiff shall file his Second Amended Complaint under seal and shall file a redacted version in the public record. The sealed version shall be unsealed within 30 days unless a party files a motion, supported by sufficient grounds, to continue the seal.

**Conclusion**

For the above reasons, Plaintiff's Motion Leave to File a Second Amended Complaint (Docs. 40/48) is **GRANTED**. Plaintiff shall file his Second Amended Complaint in the above manner by December 16, 2022. A status conference will be set once St. Louis County has filed an answer in order to discuss the schedule in this case. To that end, Defendant's Motion to Stay his Expert Disclosure Deadline (Doc. 44) is **GRANTED.**

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of December, 2022