IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:22-CV-00099 JMB |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ROBERT SCHULTE and | ) | |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

1. In this civil rights action, brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States, Plaintiff Keith Rose seeks judgment against police officer Robert Schulte for conducting an unlawful vehicle stop, an unlawful seizure of his person, and an unlawful search of his vehicle, and against St. Louis County, Missouri, for violating his procedural due process rights by maintaining a baseless designation in his criminal-history record and failing to train its officers not to use the baseless designation to justify unreasonable seizures and searches.

## PARTIES

2. At all times relevant, Plaintiff Keith Rose was a citizen of Illinois.

3. At all times relevant, Defendant Robert Schulte was a police officer employed by St. Louis County. At all times relevant to this complaint, Schulte was acting under color of law. He is sued in his individual capacity.

4. St. Louis County is a political subdivision and charter county of the State of Missouri. Mo. Const. art. VI, § 1, § 18.

1

## JURISDICTION AND VENUE

5. Plaintiff brings his claim pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

6. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331, because Plaintiff's action arises under the Constitution of the United States, and § 1343(a)(3) to redress the deprivation of a right secured by the Constitution of the United States.

7. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in St. Louis County, Missouri.

8. Divisional venue is proper in the Eastern Division because the events leading to the claim for relief arose in St. Louis County. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

## FACTS

9. On the evening of November 18, 2018, Rose drove to Jennings, Missouri, to attend a protest.

10. He reached the protest site, confirmed that his companions were there, and then drove down the block to find a parking spot.

11. As Rose drove away from the site and into a subdivision to look for a place to park, Schulte began following Rose.

12. Schulte was alone and driving a marked St. Louis County Police ("Jennings division") vehicle.

13. Schulte followed Rose for several blocks.

14. Knowing that a police officer was following him, Rose was conscientious about obeying all traffic rules.

15. Rose did not violate any laws.

16. After following Rose through the subdivision, Schulte activated his lights and pulled over Rose's vehicle.

17. Schulte pulled over Rose's vehicle near the intersection of Leamont Drive and Dorwood Drive.

18. The traffic stop occurred around 6:30 p.m.

19. Schulte approached Rose's vehicle.

20. Schulte asked Rose, who was alone, questions about why he was in the area and remarked on Rose's outfit.

21. Schulte then took Rose's driver license back to his police vehicle.

22. Schulte returned to Rose's vehicle and told him to step out of the vehicle.

23. After Rose exited his vehicle at Schulte's direction, Schulte told Rose that he was being detained.

24. Schulte then handcuffed Rose and ordered him to sit on the front bumper of Schulte's police vehicle.

25. Rose complied.

26. Schulte told Rose that his car was going to be searched because "the computer" had told him that Rose had "violent tendencies."

27. Schulte then searched Rose's vehicle.

28. At no time did Schulte present Rose with a warrant authorizing a search of Rose's vehicle.

29. At no time did Rose consent to a search of his vehicle. To the contrary, Rose affirmatively voiced his non-consent to any search.

3

30. After the search, Schulte told Rose that he found nothing of significance.

31. A second police vehicle marked St. Louis County "J 172" arrived.

32. Schulte then asked Rose if he had participated in protests in Ferguson.

33. Rose was then released from the handcuffs and allowed to reenter his vehicle.

34. Schulte gave Rose a citation that falsely claimed Rose had not stopped at a stop sign.

35. On January 8, 2019, the citation was dismissed.

36. On November 15, 2022, Rose discovered that his "criminal history" records, visible to Schulte at the time of the traffic stop, contain ███████████████████████████

███████████████████████████████████████████████

██ ███████████████████████████████████

███████████████████████████████

██ █████████████████████████████████

██

██ █████████████████████████████████

███████████████████████

40. Rose has never been convicted of any crime, other than possibly a minor traffic offense; has not been the subject of any order of protection; has never to his knowledge been the subject of any warrant or "wanted"; and his only arrests have been for minor, nonviolent crimes during protests.

41. Rose has participated in many protests, including protests of police actions he has found unjustified, and thereby has encountered law enforcement officers frequently.

42. Rose, who now lives in the City of St. Louis, Missouri, intends to continue participating in protests, including protests of police actions.

43. He is likely to encounter St. Louis County officers again.

## COUNT I: FOURTH AMENDMENT
*Against Defendant Robert Schulte*

44. Rose incorporates by reference the allegations in the foregoing paragraphs of this complaint as fully set forth herein.

45. Schulte conducted an unreasonable, warrantless seizure of Rose's vehicle in violation of the Fourth Amendment by pulling Rose over in the absence of reasonable suspicion.

46. Schulte had no lawful basis for pulling over Rose in his vehicle.

47. Schulte conducted an unreasonable seizure of Rose in violation of the Fourth Amendment by ordering him out of his vehicle, handcuffing him, and commanding him to sit on the bumper of the police vehicle.

48. Schulte had no lawful basis for this unreasonable seizure of Rose's person.

49. Schulte conducted an unreasonable, warrantless search of Rose's vehicle in violation of the Fourth Amendment.

50. Schulte had no lawful basis for conducting the search.

51. It was clearly established by November 18, 2018, that pulling over a vehicle under the circumstances of this case violates the Fourth Amendment.

52. It was clearly established by November 18, 2018, that seizing a person under the circumstances of this case violates the Fourth Amendment.

53. It was clearly established by November 18, 2018, that searching a vehicle under the circumstances of this case violates the Fourth Amendment.

54. Rose suffered damages as a result of Schulte's acts.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant Schulte;

    B. Award Plaintiff nominal, compensatory, and punitive damages against Defendant Schulte;

    C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

**COUNT II: FOURTH AMENDMENT**
*Against St. Louis County, Missouri*

55. Rose incorporates by reference the allegations in the foregoing paragraphs of this complaint as fully set forth herein.

56. Defendant St. Louis County failed to train Schulte not to conduct otherwise-unreasonable searches and seizures on the basis of ███████████ designation within an individual's criminal-history records.

57. Defendant St. Louis County maintains a general order about searches and seizures, Departmental General Order 17-53. The order contains no information about what officers should do when they encounter a subject with a designation like the one in Rose's records.

58. Defendant St. Louis County maintains a curriculum for officers completing its basic program curriculum at the St. Louis County and Municipal Police Academy. The curriculum summary contains no information about what officers should do when they encounter a subject with a designation like the one in Rose's records.

59. Defendant St. Louis County's use of such designations while failing to incorporate safeguards into its policies demonstrates its authorization of Schulte's violation of

6

the Fourth Amendment prohibition on unreasonable seizures and searches and its obvious failure to train.

60. As a direct and proximate result of Defendant St. Louis County's failure to train, Rose sustained damages, was harmed, and is likely to be harmed in the future.

WHEREFORE, Plaintiff prays this Court:

A. Enter judgment in favor of Plaintiff and against Defendant St. Louis County;

B. Award Plaintiff nominal and compensatory damages against Defendant St. Louis County;

C. Enjoin Defendant St. Louis County from authorizing unreasonable searches and seizures on the basis of a free-floating designation like this one and from failing to train officers not to conduct unreasonable searches and seizures in such circumstances;

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E. Allow such other and further relief as the Court deems just and proper.

### COUNT III: DUE PROCESS CLAUSE
*Against St. Louis County, Missouri*

61. Rose incorporates by reference the allegations in the foregoing paragraphs of this complaint as fully set forth herein.

62. St. Louis County's actions as described above—maintaining and using a records system that contains baseless designations like the one attached to Rose's information, authorizing its officers to conduct otherwise-unreasonable searches and seizures on the basis of that false information, keeping that designation secret from Rose, and failing to provide any meaningful opportunity to either learn of its existence or challenge its applicability—has

7

deprived and will continue to deprive Rose of his constitutionally protected liberty interest in being free from unreasonable searches and seizures.

63. In addition, Rose has a right to be free from false governmental stigmatization, to travel throughout St. Louis County on the same terms as others, and to be free of false attainder (i.e., the interest against being singled out for punishment without trial). St. Louis County's use and maintenance of a system including this type of information and its authorization to officers that they may rely upon this information to conduct searches and seizures has impeded Rose's protected liberty interests.

64. Rose is entitled to a constitutional adequate legal mechanism that affords him notice of the reasons and bases for the designation in his criminal-history records and a meaningful opportunity to contest its application to him.

65. By failing to provide Rose with such a constitutionally adequate legal mechanism, St. Louis County has violated the Fourteenth Amendment and deprived Rose of his protected liberty interests, including the right to be free of unreasonable searches and seizures, freedom from false stigmatization, and nonattainder, and thus have violated his constitutional rights without affording him due process of law and will continue to do so in the future.

66. As a direct and proximate result of Defendant St. Louis County's violation of his due process rights, Rose sustained damages, was harmed, and is likely to be harmed in the future.

WHEREFORE, Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiff and against Defendant St. Louis County;

    B. Award Plaintiff nominal and compensatory damages against Defendant St. Louis County;

    C. Enjoin Defendant St. Louis County from using and maintaining a system whereby baseless designations like this one are kept secret and Rose and others have no knowledge of or meaningful opportunity to challenge its applicability to their record;

    D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    E. Allow such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jessie Steffan
ANTHONY E. ROTHERT, #44827MO
JESSIE STEFFAN, #64861MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114
Fax: (314) 652-3112
arothert@aclu-mo.org
jsteffan@aclu-mo.org

GILLIAN R. WILCOX, #61278MO
ACLU of Missouri Foundation
406 W. 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

ATTORNEYS FOR PLAINTIFF