**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **KEITH ROSE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) 4:22-CV-00099 JMB ) |
| **ROBERT SCHULTE,** | ) ) ) |
| **and** | ) ) |
| **ST. LOUIS COUNTY,** | ) ) ) |
| Defendants. | ) |

**DEFENDANTS ROBERT SCHULTE AND ST. LOUIS COUNTY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Comes Now Defendants, Robert Schulte ("Schulte") and St. Louis County, Missouri ("County"), through undersigned counsel, and submit their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint filed on December 16, 2022. (Doc. # 51).

**ANSWER**

1. Paragraph 1 is comprised of allegations of violations of law which are legal conclusions which require no response. To the extent a response is required, Defendants deny the allegations in paragraph 1.

**PARTIES**

2. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2, which has the effect of a denial.

3. Defendants admit the first sentence. The second and third sentences are legal conclusions for which no answer is required. Further, Plaintiff's allegations in this paragraph violate Federal Rule of Civil Procedure 10(b) and as such do not require an answer of Defendant.

4. Defendants admits the allegations contained in Paragraph 4..

## JURISDICTION AND VENUE

5. With respect to Paragraph 5, Defendants states the allegations are legal conclusions for which no answer is required. To the extent a response is required, Defendants deny the allegations in Paragraph 5.

6. Defendants admit that jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 1343 as this Court has original jurisdiction over cases and controversies arising out of a federal question involving the Constitution and law of the United States, but deny the Court has jurisdiction of those claims for which defendants are protected by sovereign and/or qualified immunity.

7. Defendants admit that venue is proper in Court pursuant to 28 U.S.C. § 1391(b)(2), in that Plaintiff was allegedly injured by the acts of Defendants in the Eastern District of Missouri and that Defendant St. Louis County is located in the Eastern District of Missouri. However, Defendants deny the Court has jurisdiction of those claims for which defendants are protected by sovereign and/or qualified immunity.

8. Defendants admit that venue is proper in Court pursuant to 28 U.S.C. § 1391(b)(1), in Defendant St. Louis County is located in the Eastern District of Missouri. However, Defendants deny the Court has jurisdiction of those claims for which defendants are protected by sovereign and/or qualified immunity.

## FACTS

9. Defendants admit the allegations contained in Paragraph 9.

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12.

13. Defendants state that Plaintiff's allegations are vague and therefore do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14, which has the effect of a denial.

15. Defendants deny the allegations contained in Paragraph 15. Rose failed to obey a stop sign.

16. Defendants admit the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17. Rose committed the traffic violation at the intersection of Leamont Drive and Dorwood Drive.

18. Defendants admit the allegations contained in Paragraph 18.

19. Defendants admit the allegations contained in Paragraph 19.

20. Defendant Schulte may have asked Mr. Rose why he was in the area but otherwise Defendants deny the remainder of the allegations in Paragraph 20.

21. Defendants admit the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28.     Defendants deny the allegations contained in Paragraph 28.

29.     Plaintiff's allegations in this paragraph violate Federal Rule of Civil Procedure 10(b) and as such do not require an answer of Defendants. To the extent any factual allegations exist, Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations contained in Paragraph 30.

31.     Defendants admit the allegations contained in Paragraph 31.

32.     Defendants deny the allegations contained in Paragraph 32.

33.     Defendants deny the allegations contained in Paragraph 33.

34.     Defendants deny the allegations contained in Paragraph 34.

35.     Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35, which has the effect of a denial.

36.     Defendants admit that there is a cautionary code or designation contained in Rose's criminal history report. Defendants deny remaining allegations contained in Paragraph 36.

37.     Defendants admit the allegations contained in Paragraph 37.

38.     Paragraph 38 is a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 38.

39.     Defendants deny the allegations contained in Paragraph 39.

40.     Defendants deny the allegations contained in Paragraph 40.

41.     Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 41, which has the effect of a denial

42.     Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 42, which has the effect of a denial.

43. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43, which has the effect of a denial.

### COUNT I: FOURTH AMENDMENT
*Against Defendant Robert Schulte*

44. Defendant Schulte fully incorporate the above paragraphs by reference as if set forth fully herein.

45. Paragraph 45 is a legal conclusion which requires no response.  To the extent a response is required, Defendant Schulte denies the allegations contained in Paragraph 45.

46. Paragraph 46 is a legal conclusion which requires no response.  To the extent a response is required, Defendant Schulte denies the allegations contained in Paragraph 46.

47. Paragraph 47 is a legal conclusion which requires no response.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 47.

48. Paragraph 48 is a legal conclusion which requires no response.  To the extent a response is required, Defendant Schulte denies the allegations contained in Paragraph 48.

49. Paragraph 49 is a legal conclusion which requires no response.  To the extent a response is required, Defendant Schulte denies the allegations contained in Paragraph 49.

50. Paragraph 50 is a legal conclusion which requires no response.  To the extent a response is required, Defendant Schulte denies the allegations contained in Paragraph 50.

51. Paragraph 51 is a legal conclusion which requires no response.  To the extent a response is required, Defendant Schulte denies the allegations contained in Paragraph 51.

52. Paragraph 52 is a legal conclusion which requires no response.  To the extent a response is required, Defendant Schulte denies the allegations contained in Paragraph 52.

53. Paragraph 53 is a legal conclusion which requires no response.  To the extent a response is required, Defendant Schulte denies the allegations contained in Paragraph 53.

54. Defendant Schulte denies the allegation contained in Paragraph 54.

WHEREFORE, Defendant Schulte denies Plaintiff is entitled to any relief whatsoever.

## COUNT II: FOURTH AMENDMENT
*Against Defendant St. Louis County, Missouri*

55. Defendant St. Louis County fully incorporates the above paragraphs by reference as if set forth fully herein.

56. Paragraph 56 is a legal conclusion which requires no response. To the extent a response is required, Defendant County denies the allegations contained in Paragraph 56.

57. Defendant County admits the allegations contained in Paragraph 57.

58. Defendant County denies the allegations contained in Paragraph 58.

59. Paragraph 59 is a legal conclusion which requires no response. To the extent a response is required, Defendant County denies the allegations contained in Paragraph 59.

60. Paragraph 60 is a legal conclusion which requires no response. To the extent a response is required, Defendant County denies the allegations contained in Paragraph 60.

WHEREFORE, Defendant St. Louis County denies Plaintiff is entitled to any relief whatsoever.

## COUNT III: DUE PROCESS
*Against Defendant St. Louis County, Missouri*

61. Defendant St. Louis County fully incorporates the above paragraphs by reference as if set forth fully herein.

62. Paragraph 62 is a legal conclusion which requires no response. To the extent a response is required, Defendant County denies the allegations contained in Paragraph 62.

63. Paragraph 63 is a legal conclusion which requires no response. To the extent a response is required, Defendant County denies the allegations contained in Paragraph 63.

64. Paragraph 64 is a legal conclusion which requires no response. To the extent a response is required, Defendant County denies the allegations contained in Paragraph 64.

65. Paragraph 65 is a legal conclusion which requires no response. To the extent a response is required, Defendant County denies the allegations contained in Paragraph 65.

66. Paragraph 66 is a legal conclusion which requires no response. To the extent a response is required, Defendant County denies the allegations contained in Paragraph 66.

## **AFFIRMATIVE DEFENSES**

**COME NOW,** the Defendants and submit the following Affirmative Defenses.

1. Plaintiffs' claims fail to state a claim for which relief can be granted.

2. Plaintiffs' claims are barred by the doctrine of sovereign immunity.

3. Defendants are entitled to Qualified Immunity.

4. Defendants are entitled to Official immunity.

5. Defendants are protected by the public duty doctrine.

6. Defendant is a certified and commissioned police officer employed by the St. Louis County Police Department and a certified peace officer pursuant to Section 590.010 et seq., R.S.Mo. 2000, as amended.

7. Defendant has all powers as conferred by law, including the power to detain and the power to arrest as set forth in Section 544.157, R.S.Mo. 2000, as amended.

8. Plaintiffs' damages, if any, must be reduced to the extent they were caused by Plaintiff Keith Rose, including but not limited to, Plaintiff Keith Rose's actions of failing to obey a stop sign.

9. Defendant was privileged under the Fourth Amendment of the United State Constitution to detain and arrest Plaintiff based upon reasonable suspicion and/or probable cause to believe that

7

Plaintiff had violated and continued to violate the laws and ordinances of the State of Missouri, and that every seizure, arrest and detention of Plaintiff took place pursuant to law and was reasonable in manner and duration.

10. Defendants expressly deny that the award of attorney's fees and/or costs are appropriate in this matter for one of more of the following reasons:

    (a) Defendants did not act unlawfully or infringe on Plaintiffs' civil rights;

    (b) Plaintiff is attempting to collect fees and costs that are unreasonable; and/or

    (c) the allegations underlying this matter do not merit the award of attorney's fees and costs.

11. Should Plaintiff be awarded damages in relation to state law claims brought in this cause of action, Plaintiff's claim for attorney's fees is barred pursuant to *Webb v. Board of Educ. Of Dyer County*, 471 U.S. 234 (1985) and related cases.

12. Defendants expressly deny punitive damages are appropriate for one or more of the following reasons:

    (a) punitive damages are barred by sovereign immunity, official immunity, and/or qualified immunity;

    (b) the Fourteenth Amendment to the United States Constitution prohibits an award of punitive damages; and/or

    (c) The Missouri Constitution prohibits an award of punitive damages.

13. To the extent Defendants are liable for damages, Defendants are entitled to a setoff of funds collected from any other party.

14. Plaintiffs' damages, if any, are subject to damage caps, including, but not limited to, those described in RSMo. § 537.610.

15. Defendants anticipate additional defenses may present themselves in the course of discovery and litigation. Defendants hereby incorporate those defenses by reference. Defendants reserve the right to amend this Answer and assert additional affirmative defenses if necessary.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendants pray this Court dismiss this cause of action with prejudice, and for all other relief this Court deems just and proper.

Respectfully Submitted,

**BETH ORWICK**
**COUNTY COUNSELOR**

/s/ Christopher D. Carter
Christopher D. Carter, #63751
Assistant County Counselor
Office of the County Counselor
41 South Central, 9th Floor
Clayton, MO 63105
Tel. 314-615-5378
Fax 314-615-3732
Email: ccarter@stlouiscountymo.gov

**Certificate of Service**

I hereby certify that on December 29, 2022 a copy of the foregoing was sent via the court's case management system to all counsel of record.

/s/ Christopher D. Carter
Christopher D. Carter