UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22 CV 99 JMB |
| | ) | |
| ROBERT SCHULTE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO KEEP SECTIONS
OF PLAINTIFF'S SECOND AMENDED COMPLAINT SEALED**

COME NOW, Defendants St. Louis County, Missouri and Robert Schulte (hereafter "Defendants"), by and through undersigned counsel, and for their memorandum in support of their motion to keep sections of Plaintiff's Second Amended Complaint under seal, state as follows:

On January 26, 2022, Plaintiff filed a Complaint against Robert Schulte alleging violations of 42 U.S.C. § 1983 and the Fourth Amendment to the Constitution of the United States. (Doc. 1). On October 20, 2022, this Court denied Defendant Schulte's Motion to Quash Plaintiff's subpoena and ordered St. Louis County to use the law enforcement databases to which it had access, including REJIS, to provide certain information to Plaintiff, which is usually restricted to law enforcement use and may only be accessed in law enforcement investigations. (Doc. 31, 34). The Court specifically noted that any concerns Defendant Schulte or St. Louis County had about using law enforcement databases to "run" Plaintiff could be protected through a protective order. (Doc. 34). Defendant Schulte and Plaintiff entered into a protective order, which the Court granted, and subsequently Defendant provided Plaintiff with information regarding himself as was contained within multiple law enforcement data bases, including REJIS, as "confidential" documents,

pursuant to this Court's protective order.  (Doc. 35, 37).

Plaintiff referenced information he received pursuant to this Court's Order in his Second Amended Complaint, filed on December 16, 2022, which he properly redacted and then moved to have the unredacted version placed under seal.  (Doc. 51, 52).  Due to the nature of the source for this information, Defendants assert the redacted sections of Plaintiff's Second Amended Complaint should remain redacted and therefore the unredacted Second Amended Complaint should remain under seal.

Generally, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). However, "the right to inspect and copy judicial records is not absolute." *Id.* at 598.

> Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify public spite or promote public scandal . . . Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption.

*Id.* (internal citations and quotations omitted).  Although the court is given this supervisory power, "only the most compelling reasons can justify non-disclosure of judicial records." *In re Gitto Global Corp.,* 422 F.3d 1, 6 (1st Cir.2005) (internal brackets and quotations omitted).

This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 161 (3d Cir.1993), and "to keep a watchful eye on the workings of public agencies." *Nixon,* 435 U.S. at 598. It also provides a measure of accountability to the public at large, which pays for the courts. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir.1999).

The Eighth Circuit applied the common-law right of access to a civil proceeding in *Webster Groves School District v. Pulitzer Publishing Co.,* 898 F.2d 1371, 1376–77 (8th Cir.1990), but has not yet determined whether such a right of access exists in civil cases under the First Amendment. *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, 2021 WL 3612753, at \*17 (8th Cir. 2021) (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 n.2 (8th Cir. 2013)).  In the civil case context, where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.  *See Id.*  "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d 1220, 1224 (8th Cir.  2013)(internal citations omitted).  A court's determination on that point is reviewed for abuse of discretion. *Id.*

Here, the redacted information contained in Plaintiff's Second Amended Complaint was ordered by the Court to be produced in discovery and designated confidential by Defendants pursuant to Section 1(d) of this Court's November 8, 2022 protective order, as those records and the information from those records constitute, "confidential or closed investigative documents." (Doc. 34, 37).  The access to these records is provided to Defendant St. Louis County and its employees under the condition that any information obtained from the database be kept confidential.  In fact, under Section 576.050 of the Revised Statutes of Missouri, a person commits the class A misdemeanor of "misuse of official information" if they recklessly obtain or disclose information from any criminal justice information sharing system, such as the databases accessed pursuant to Plaintiff's subpoena, and specifically the Missouri uniform law enforcement system

(MULES) and the National Crime Information Center System (NCIC), that contain individually identifiable information for private or personal use, or for a purpose other than in connection with their official duties and performance of their job.[1]  576.050 RSMo.  In *IDT Corp. v. eBay, et al.*, the Eighth Circuit held that a district court did not clearly err when it ordered a complaint to be sealed because it contained sensitive information produced pursuant to a protective order.  709 F.3d at 1223-1224.  The issues here are similar, in that the information redacted is sensitive information disseminated from a statewide law enforcement database that draws upon information from other law enforcement entities such as the Federal Bureau of Investigation (FBI), Missouri Highway Patrol, and St. Louis City Police Department, in addition to the police departments of several municipalities and St. Louis County's Police Department and is used exclusively or law enforcement investigatory purposes.  For the reasons, the redacted information in Plaintiff's Second Amended Complaint should therefore remain sealed.

Additionally, the Court should consider whether the information would normally be subject to a law enforcement privilege.  Generally, law enforcement privilege would be asserted as a reason to prevent the initial disclosure of information, as the United States Attorney's Office did in *United States v. Hoeffener*, 2017 WL 3676141, August 25, 2017, Eastern District of Missouri. The issue in *Hoeffener* involved Defendant's motion to compel the government to provide him with information related to the tracking of child pornographers.  In that case, the Court noted, that "[a]s the Eighth Circuit stated when addressing a state court's refusal to disclose the identity of a confidential informant in the context of a state habeas proceeding, 'the decision to order disclosure varies with the particular circumstances of each case.'" *Hoeffener*, at pg. 18, citing, *Barnes v.*

---

[1] Federal Regulation 28 CFR Sections 20.1 through 20.38 contain similar civil sanctions for the unauthorized dissemination of data from a criminal history record system, albeit with exceptions including for judicial proceedings.

*Dormire*, 251 F. 3d 767, 770 (8th Cir. 2001) (internal citations omitted). Additionally, the Court in *Hoeffner* held, "[a]pplication of the privilege is proper if disclosure 'will educate criminals regarding how to protect themselves against police surveillance,' or 'would hamper future law enforcement efforts by enabling adversaries of law enforcement to evade detection.'" *Id.* (internal citations omitted).

Furthermore, other federal district courts have also analyzed these issues. In the Western District of Arkansas, the Court held, "Courts have long recognized the existence of a qualified privilege to prevent the disclosure of the investigatory files of law enforcement agencies, which balances 'the public interest in nondisclosure' of such files against "the need of the particular litigant for access to the privileged information." *Raz v. Mueller*, 389 F.Supp.2d 1057, 1061, (W.D. AK. 2005), quoting, *Friedman v. Bache Halsey Stuart Shields, Inc.,* 738 F.2d 1336 (D.C.Cir.1984). The Western District of Arkansas Court also cited to a Southern District of Indiana case, noting

> "[t]he purpose of the privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation. A finding that the documents fall within the scope of the law enforcement investigatory privilege does not end the Court's analysis. The law enforcement investigatory privilege is not absolute. It can be overridden in appropriate cases by the need for the privileged materials." *Id.* at 1062, citing *Jones v. City of Indianapolis*, 216 F. R. D. 440 (S.D. Ind. 2003).

Permitting public dissemination of the information currently redacted from Plaintiff's Second Amended Complaint could potentially compromise ongoing and future federal, state, and local criminal investigations by arming subjects with knowledge of the kind and quality of intelligence available to officers who they may encounter, allow subjects to alter their behavior

to evade detection, take additional precautions, anticipate law enforcement activity and may ultimately place officers and the general public at greater risk, just as the Deputy Assistant Director of Operational Support in the Counterterrorism Division of the FBI feared may occur with the dissemination of the information at issue in the *Raz* case.  *Id.* at 1062-1063.

Here, the Court ordered Defendant to disclose the information related to multiple confidential law enforcement databases to Plaintiff in discovery, since the Court agreed that a protective order would prohibit any harm in the disclosure of the law enforcement data base information relative to this case.  (Doc. 34, 37).  To allow further disclosure of sensitive law enforcement information to the public at large could potentially affect sensitive law enforcement techniques across multiple federal, state, and local law enforcement agencies that contribute information to the database, as the database contains information from multiple agencies and municipalities, which is generally considered presumptively confidential in that all users of the database must agree to keep the information confidential, not reproduce the information to anyone, and only use the information for legitimate law enforcement purposes.

WHEREFORE, Defendants respectfully request this Honorable Court order the redacted portion of Plaintiff's Second Amended Complaint remain redacted, with the unredacted version remaining under seal, as the redacted and sealed information was based on information obtained from a confidential law enforcement database.

Respectfully submitted,

**DANA T. REDWING**
**COUNTY COUNSELOR**

By___/s/ Rachel D. Schwarzlose_____
Rachel D. Schwarzlose, 57269 MO
Associate County Counselor
Matthew W. Huckeby, 61978MO
Associate County Counselor
Office of the County Counselor
County Government Center
4l South Central, 9th Floor
Clayton, Missouri 63l05
(314) 615-7042
rschwarzlose@stlouiscountymo.gov

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing was sent by means of electronic notification through the Court's Electronic Notification system on February 1, 2023, to all parties of record.

By: /s/ Rachel D. Schwarzlose
Rachel D. Schwarzlose