UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH ROSE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  vs. | )   Case No. 4:22 CV 99 JMB |
| | ) |
| ROBERT SCHULTE and ST. LOUIS | ) |
| COUNTY, MO, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Continued Sealing of the Second Amended Complaint (Doc. 63) and Plaintiff's response in opposition (Doc. 65). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff alleges that his civil rights were violated when he was subjected to an unlawful traffic stop on November 18, 2018 that was conducted by Defendant Robert Schulte, a former St. Louis County police officer (Doc. 52). According to allegations in Plaintiff's Second Amended Complaint, Schulte illegally detained Plaintiff after reviewing his "criminal history" record containing certain information. The particular information is redacted in paragraphs 36 through 39 and 56 of the Second Amended Complaint (Doc. 51); Plaintiff filed a sealed version of the pleading without the information redacted (Doc. 52). The information contained in these paragraphs are subject to the protective order entered by the Court on November 8, 2022 (Doc. 37). On December 13, 2022, when Plaintiff's motion to amend was granted, the parties were directed to inform the Court whether the entire Second Amended Complaint should remain sealed (Doc. 50). Defendants now seek to maintain the sealed nature of the document.

**Discussion**

There is generally a "common-law right of access to judicial records." Flynt v. Lombardi, 885 F.3d 508, 511 (8th Cir. 2018) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98 (1978)). However, a document may be sealed if there exist "sufficient grounds to override [this] common-law right of access." Idt Corp. v. eBay, 709 F.3d 1220, 1223 (8th Cir. 2013). In determining whether the presumption of access should be overcome, the Court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." Id. Thus, the Court must first determine if there is a "judicial record" at issue and second whether the party seeking to seal the record has overcome the presumption of access based on a balancing of interests. Flynt, 884 F.3d at 511. The decision to seal a document is left to the sound discretion of the trial court. Nixon, 435 U.S. at 599; In re Bair Hugger Forced Air Warming Devices Products Liability Litigation, 9 F.4th 768, 792 (8th Cir. 2021).

There is no question that the Second Amended Complaint is a judicial record. Defendants argue that the information should remain sealed because it is designated confidential pursuant to the protective order; the information is provided to persons so long as they agree to maintain its confidentiality; that disclosure of such information is subject to criminal charges pursuant to Missouri law; that the information implicates other law enforcement agencies; that the information is subject to a "law enforcement privilege"; and that dissemination of the information "could potentially" compromise ongoing investigations (Doc. 64). Plaintiff responds that the limited information would not endanger any law enforcement; no privilege applies; and that the public has a strong interest in access to the information. Plaintiff's arguments are well taken.

There is a broad public interest in judicial and government activity: "Interests served by the common-law right include bolstering public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, allowing the public to keep a watchful eye on the workings of public agencies, and providing a measure of accountability to the public at large (which pays for the courts)." In re Bair Hugger, 9 F.4th at 791.  Certainly, there has been recent and on-going public interest in police interaction with the public, the contours of probable cause, and the judiciary's role in evaluating those rights.  Moreover, police departments are public agencies, and their determination of probable cause is subject to public and judicial scrutiny. To overcome such a strong interest, Defendants have pointed to no privacy concerns, which was a rationale for sealing in Flynt, or concerns about trade secrets or proprietary information, which was a rationale for sealing in In re Bair Hugger.  Defendants' general assertions, that divulging these arguably generic bases for probable cause would compromise police investigations, is unsupported.  This is not a scenario where Plaintiff seeks to divulge specific confidential source information, a specific police investigative file, or any on-going investigation.  See, e.g., United States v. Amodeo, 71 F.3d 1044, 1050 (2nd Cir. 1995).  Plaintiffs have only cited to information that is available to any law enforcement personnel who would access police databases.  There is simply no showing that there would be any specific harm that would ensue should the information contained in the Second Amended Complaint be made public.

As Local Rule 13.05(a)(3) states, that material is subject to a protective order "is relevant to, but not dispositive of" whether the information should remain sealed.  The Court is not convinced that any state law or privilege would be violated by public disclosure of the limited parts of Plaintiff's "criminal history" that may have been used to justify his stop or detention. See, e.g., Furlow v. Blemar, 52 F.4th 393 (8th Cir. 2022) (discussing St. Louis County's use of the

"wanted system," which is used to seize individuals without review by a neutral magistrate, that is contained in the same type of police database at issue in this case). Nor is the Court convinced that Defendants' rational desire to maintain the confidentiality of current investigatory files or informant information is compromised by the disclosure of the information contained in Plaintiff's Second Amended Complaint. While, perhaps, more detailed and specific information contained in Plaintiff's criminal history file that is produced during the course of this litigation may be subject to the protective order and may also be subject to sealing, the limited information contained in the pleading should not be sealed.

## Conclusion

For the above reasons, Defendants' Motion for Continued Sealing of the Second Amended Complaint (Doc. 63) is **DENIED**. The Clerk of Court is **DIRECTED** to unseal Plaintiff's unredacted Second Amended Complaint (Doc. 52).

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2023